**gunner**cooke

New York
475 Park Avenue South
New York, NY 10016
USA

**Cassandra Porsch**
cassandra.porsch@gunnercooke.com
(646) 225-5981

**MEMO ENDORSED**

March 15, 2024

VIA ECF
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re: **Letter Motion to Seal**, Tacon v. Cromwell et al., No. 7:23-cv-08100-KMK

Dear Judge Karas,

I am co-counsel for Plaintiff William Tacon, as administrator of Caribbean Commercial Investment Bank Ltd. ("Plaintiff") in the above-referenced matter. I submit this letter motion to respectfully request that the Court seal Exhibit D to the sworn declaration of William Tacon (referred to herein as "Exhibit D"), submitted in connection with Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (the "Motion"), which has been e-filed contemporaneously herewith. Exhibit D consists of a personal financial statement of Defendants Robert Cromwell and Sarit Rozycki, as well as a cover letter from their counsel describing said statement.

As explained in my letter to the Court dated February 21, 2024, in working on Plaintiff's opposition to Defendants' Motion (which alternatively seeks summary judgment), we uncovered communications through Anguillan counsel for the parties in which Defendants appear to have misrepresented their assets and financial status such that equitable estoppel applies to Defendants' statute of limitations defense to this action. Because the material contains personal financial information of the Defendants that was previously offered confidentially, Plaintiff is seeking to file these materials under seal as a courtesy to Defendants. Accordingly, Plaintiff does not expect Defendants to oppose this request, and I did not receive any indication of opposition when notifying Defendants' counsel of Plaintiff's intent to file this motion to seal.[1]

---

[1] Plaintiff's request to seal is made as a courtesy in recognition of Defendants' privacy interests. Plaintiff does not claim any of his own interests in sealing Exhibit D, but in an abundance of caution seeks the Court's guidance as to the propriety of sealing, not wanting to risk disclosing individuals' personal financial information unnecessarily if this Court would agree that the requirements for filing under seal have been met.

www.gunnercooke.com/gunnercooke-us/ | T: +(1) 646-586-2090 | E: info@gunnercooke.com

gunnercooke US LLP is a limited liability partnership with offices in New York.  gunnercooke US LLP is affiliated with gunnercooke LLP, a limited liability partnership registered in England and Wales.  'gunnercooke' is a trading name of gunnercooke US LLP.

The proposed sealed filing has been submitted pursuant to Electronic Case Filing Rules & Instructions and Section IX of the Individual Rules of Practice of the Honorable Kenneth M. Karas ("Individual Rules"), as Docket No. 34-4.

*The Basis for Sealing*

Sealing of Exhibit D is warranted because the documents contain a personal financial statement for Defendants containing sensitive financial data, including detailed statements of assets and liabilities, and a cover letter explaining same, that could be misused if publicly disclosed. This information is personal and confidential, relating directly to the financial privacy of those individuals. Further, the request to seal is specifically targeted at the financial statement and explanatory letter themselves, without unnecessarily restricting access to other less sensitive parts of the record such as Plaintiff's memorandum of law in opposition to Defendants' Motion. Additionally, there is minimal public interest in the specifics of the financial holdings of the parties, and sealing these records would not detract from the transparency and openness that characterize the judicial process.

This request is in line with the Second Circuit's standards for sealing documents, which emphasizes the need to protect individual privacy without unduly compromising the public's access to judicial proceedings. In determining whether sealing or redacting a document is proper, courts in this Circuit (1) determine if the document is a judicial document, then (2) assess the presumption of public access, and finally (3) assess competing interests such as privacy or protection of sensitive information. *See, e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-42 (2d Cir. 2016); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 112 (2d Cir. 2006).

Because it is submitted in opposition to a dispositive motion, Exhibit D contains judicial documents entitled to a presumption of public access. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018). However, the presumption "exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights and is weaker where the documents play only a negligible role." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022). Here, the motion is dispositive but deals with statute of limitations issues, and competing interests tip the balance in favor of sealing Exhibit D.

Exhibit D contains information regarding "private financial dealings and business information that were not publicly disclosed." *Johnson v. Esports Entm't Grp., Inc.*, No. 22-CV-10861 (PGG) (KHP), 2023 U.S. Dist. LEXIS 163951, at *5 (S.D.N.Y. Sep. 14, 2023) (granting motion to seal email exchange with financial information). The financial statement is from 2021, making it relatively recent; making it public thus risks some danger to the individuals to whom they belong that the disclosure could be misappropriated. "Courts have recognized a privacy interest in certain banking information, particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer." *Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2023 U.S. Dist. LEXIS 109013, at *11 (S.D.N.Y. June 23, 2023) (citing *Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*, 487 F. Supp. 2d 374 (S.D.N.Y. 2007)). Disclosure of comprehensive or detailed personal financial information is sensitive in nature, could affect the individuals' reputations or increase risks of a security breach or identity theft.

   These interests must be balanced against the presumption of public access. Exhibit D plays an role in determining the substantive rights of the parties, but its specifics are incidental; the public suffers no prejudice from the lack of access. Exhibit D is only one of five exhibits to a declaration attached to the Plaintiff's opposition memorandum. No dispute is expected as to the authenticity of Exhibit D, and the public is fully informed in Plaintiff's briefing and other exhibits of the purpose for which Exhibit D is submitted.

   For the above reasons, Plaintiff respectfully requests that this Court this letter motion to seal Exhibit D.

             Sincerely,

             /s/ Cassandra Porsch
             Cassandra Porsch

cc: All counsel, via ECF

Plaintiff's application is granted for the reasons noted in this letter. The Clerk of Court is respectfully direct to seal Dkt. No. 34, restricting access to that document to only the Parties to this Action and the Court, and to terminate the pending letter motion to seal, (*see* Dkt. No. 32).

SO ORDERED.

3/15/2024

3